UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUAN CARLOS ALMONTE,

                          Plaintiff,

        -against-

JUAN CARLOS ALMONTE, et al.,

                          Defendants.

1:26-CV-2357 (LTS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Juan Carlos Almonte, who is currently incarcerated in the Auburn Correctional Facility, brings this action *pro se*. He requests to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons set forth below, the Court recognizes Plaintiff as barred, under 28 U.S.C. § 1915(g), from bringing this federal civil action IFP while he is a prisoner; denies Plaintiff's IFP application; and dismisses this action without prejudice.

## DISCUSSION

### A.      Plaintiff is barred under 28 U.S.C. § 1915(g)

This Court previously recognized Plaintiff as barred from filing federal civil actions IFP while he is a prisoner pursuant to the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). *See Almonte v. Law Enforcement Agency*, ECF 1:22-CV-0080, 8 (S.D.N.Y. Mar. 29, 2022), *appeal dismissed*, No. 22-805 (2d Cir. June 14, 2022). Under that provision:

> [i]n no event shall a prisoner bring a civil action . . . [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In *Almonte*, the Court cited the following dismissals as Plaintiff's "three strikes": *Almonte v. Law Enforcement Agency*, No. 21-CV-8270 (LLS) (S.D.N.Y. Nov. 5, 2021); *Almonte v. Karth*, No. 21-CV-6062 (LTS) (S.D.N.Y. Oct. 1, 2021); *Almonte v. Noriega*, No. 21-CV-7414 (LTS) (S.D.N.Y. Sept. 27, 2021). *See Almonte v. Law Enforcement Agency*, No. 1:22-CV-0080 (LTS), 2022 WL 523541, at *1 (S.D.N.Y. Feb. 22, 2022).

Notwithstanding whether any of the abovementioned dismissals is a "mixed dismissal" and, therefore, not a strike,[1] Plaintiff has earned more than three other strikes. *See Almonte v. Law Enforcement Agency*, No. 1:21-CV-8991 (LTS), 2022 WL 94598 (S.D.N.Y. Jan. 10, 2022) (prisoner action dismissed *sua sponte* as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i)), *appeal dismissed*, No. 22-247 (2d Cir. Mar. 28, 2022) (effective Apr. 18, 2022); *Almonte v. Law Enforcement Agency*, No. 1:22-CV-0080 (LTS), 2022 WL 955950 (S.D.N.Y. Mar. 29, 2022) (fee-paid prisoner action dismissed *sua sponte* as frivolous under 28 U.S.C. § 1915A(b)(1)), *appeal dismissed*, No. 22-805 (2d Cir. June 14, 2022) (effective July 5, 2022); *Almonte v. Krajick*, No. 23-6884 (2d Cir. Sept. 26, 2024) (appeal dismissed as frivolous); *Almonte v. Krajick*, No. 23-6881 (2d Cir. Apr. 18, 2024) (same); *Almonte v. Lawliss*, No. 3:24-CV-0619 (N.D. Fla. Dec. 2024) (report & recommendation recommending *sua sponte* dismissal under the doctrine of judicial immunity, pursuant to Section 1915A(b)), *report & recommendation adopted*, (N.D. Fla.

---

[1] This Court has conducted an "independent review" of Plaintiff's strikes that were cited by the Court in *Almonte*, 1:22-CV-0080 (LTS), to determine whether any one of them is a "mixed dismissal"—a federal civil action dismissed for multiple reasons, including for both strike and non-strike reasons. *See Escalera v. Samaritan Vill.*, 938 F.3d 380, 381-84 (2d Cir. 2019) (conducting, on *de novo* appellate review, an "independent review" of a prisoner's previously accumulated strikes to determine whether any of those strikes was a mixed dismissal). In the Second Circuit, pursuant to *Escalera*, mixed dismissals are not considered strikes. *See id.* at 382 (holding "that a prisoner's entire 'action or appeal' must be dismissed on a [Section] 1915(g) ground to count as a strike," and that mixed dismissals cannot count as strikes).

Dec. 31, 2024). Thus, based on this litigation history, Plaintiff has earned at least three strikes under the PLRA, and the Court recognizes him as barred under Section 1915(g).

**B.      Statutory exception to the Section 1915(g) filing bar**

With respect to the present action, while Plaintiff filed this new civil action while he was a prisoner, and seeks IFP status, his complaint does not show that, at the time of filing, he was under imminent danger of serious physical injury for the purposes of the statutory exception to the Section 1915(g) filing bar.[2] Instead, Plaintiff sues himself and a person named Nolan Adams; he states that he sues himself because he "need[s] to talk. [He is] a highly important person to [himself]. [He] also stud[ies] [immortality] to stay alive and not die more than 1,000 years. . . ." (ECF 1, at 4.) Plaintiff "want[s] all [his] certificate[s] [and] driver [*sic*] and licenses and all [his] certitude certificate[s] that [were] approved [and] accomplish[ed] because [he is] just stuck in this unconstitutional prison." (*Id.*) Accordingly, this action is not eligible for the statutory exception to the Section 1915(g) filing bar. The Court therefore denies Plaintiff's IFP application and dismisses this action without prejudice.

**CONCLUSION**

The Court recognizes Plaintiff as barred under 28 U.S.C. § 1915(g). Because Plaintiff alleges nothing to suggest that this action is eligible for the statutory exception to the Section 1915(g) filing bar, the Court denies Plaintiff's request to proceed IFP and dismisses this action without prejudice.[3] *See* 28 U.S.C. § 1915(g). Plaintiff remains barred from filing any future

---

[2] For those purposes, an imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[3] Plaintiff may commence a new federal civil action as a prisoner by paying the fees to bring such an action; those fees currently total $405.00 per civil action. If he files a new civil action while he is a prisoner, and if it asserts claims against a governmental entity or a

3

federal civil action IFP while he is a prisoner, unless he is under imminent danger of serious physical injury.[4] *Id.*

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reason set forth in this order.

SO ORDERED.

Dated:   May 5, 2026
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

---

governmental officer or employee, that action will be reviewed under 28 U.S.C. § 1915A, which requires the court to dismiss such an action filed by a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[4] The Court may bar any vexatious litigant (including a nonprisoner) from filing future civil actions in this court (even if the relevant fees are paid) without first obtaining leave from the court. *See In re Martin-Trigona*, 9 F.3d 226, 228-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).