UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUAN CARLOS ALMONTE,

                Plaintiff,

          -against-

JUAN CARLOS ALMONTE, et al.,

              Defendants.

1:26-CV-2357 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated May 5, 2026, and entered on May 7, 2026, and by judgment dated and entered on May 8, 2026, the Court dismissed this *pro se* action. (ECF 7, 8.) On May 22, 2026, the Court received from Plaintiff, who is incarcerated: (1) a notice of appeal; (2) a motion for an extension of time to file a notice of appeal, brought under Rule 4(a)(5) of the Federal Rules of Appellate Procedure ("Rule 4(a)(5)"); (3) a motion for leave to proceed *in forma pauperis* ("IFP") on appeal; and (4) an application to appeal IFP. (ECF 9-10.)

For the following reasons, the Court denies Plaintiff's Rule 4(a)(5) motion as unnecessary, and denies his motion for leave to proceed IFP on appeal and his application to appeal IFP.

**DISCUSSION**

**A.    Rule 4(a)(5) motion**

A party normally has 30 days from the entry date of the order or judgment being challenged to file a timely notice of appeal. *See* Fed. R. App. P. 4(a)(1)(A) ("Rule 4(a)(1)(A)"). The Clerk of Court entered the judgment dismissing this action on May 8, 2026. (ECF 8.) Thus, under Rule 4(a)(1)(A), at the latest, Plaintiff has 30 days from that date, or until June 8, 2026, to

file a timely notice of appeal.[1] The Court received Plaintiff's notice of appeal on May 22, 2026 (ECF 9); under the so-called "prison mailbox rule," it was filed on or about May 13, 2026.[2] Plaintiff's notice of appeal is therefore timely. Accordingly, the Court denies Plaintiff's Rule 4(a)(5) motion for an extension of time to file a notice of appeal as unnecessary.

**B.      IFP on appeal**

Under 28 U.S.C. § 1915(a)(3), an "appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." In its May 7, 2026, order, and its May 8, 2026 judgment, the Court certified, under Section 1915(a)(3), "that any appeal from [that] order [and judgment] would not be taken in good faith" (ECF 7, at 4; ECF 8), denying IFP status for the purpose of an appeal, *see* 28 U.S.C. § 1915(a)(3). Thus, because the Court has already decided that any appeal from the Court's abovementioned order and judgment would not be taken in good faith, the Court denies Plaintiff's motion for leave to proceed IFP on appeal and his application to appeal IFP.

---

[1] The last day of that 30-day period actually falls on Sunday, June 7, 2026. Because the last day of that period falls on a Sunday, the period is extended to the next court business day, Monday, June 8, 2026. *See* Fed. R. App. P. 26(a)(1)(C).

[2] Under this rule, a *pro se* prisoner's court submissions are deemed filed when they are handed over to prison officials for mailing to the court. *See Houston v. Lack*, 487 U.S. 266 (1988). It appears that Plaintiff, who is incarcerated, handed over to prison officials for mailing his notice of appeal, his motion for an extension of time to file a notice of appeal, his motion for leave to proceed IFP on appeal, and his application to appeal IFP on or about May 13, 2026, the date that he signed all of those documents. (ECF 9-10). Thus, it seems that Plaintiff filed his notice of appeal on or about May 13, 2026. *See Hardy v. Conway*, 162 F. App'x 61, 62 (2d Cir. 2006) (summary order) ("[W]e have never required prisoners to provide affidavits of service to verify when they give their documents to prison officials. Indeed, in the absence of contrary evidence, district courts in this circuit have tended to assume that prisoners' papers were given to prison officials on the date of their signing." (citing cases)); *Walker v. Jastremski*, 430 F.3d 560, 562-64 (2d Cir. 2005) (discussing prison-mailbox rule).

## CONCLUSION

The Court denies Plaintiff's motion for an extension of time to file a notice of appeal, brought under Rule 4(a)(5) of the Federal Rules of Appellate Procedure (ECF 10), as unnecessary because his notice of appeal (ECF 9) is timely. The Court also denies Plaintiff's motion for leave to proceed IFP on appeal and his application for leave to appeal IFP. (ECF 9.) The Court therefore directs the Clerk of Court to terminate ECF 10.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    May 28, 2026
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

3